CHICAGO HOUSE-WRECKING COMPANY V. STEWART LUMBER COMPANY.

FILED DECEMBER 17, 1902. No. 12,353.

Commissioner's opinion, Department No. 3.

1. **Request for Inconsistent Instructions:** CHOICE OF COURT: No ERROR: WHAT THE TENDER PRACTICALLY STATED TO THE COURT. When, in an action for damages for an alleged breach of a contract, a party requests of the court alternatively two inconsistent instructions with respect to the interpretation of the agreement, and an example of what would constitute a breach thereof, and the court accepts and gives one of such requests and refuses the other, such party can not complain that the court erred in making the refusal. By such conduct the party has said to the court, in effect, that he will be satisfied with either of such requests and will abide by the choice which the court shall make of them.

2. **Variance Between Pleading and Proof:** AGREEMENT: PETITION: ANSWER. When, in an action for damages for the alleged breach of a contract, the petition misrecites the agreement in an important particular, but the answer gives a true recital thereof, which is accepted by the plaintiff as correct, and the action proceeds to trial and judgment in all respects as an action upon the contract set out in the answer, so that it is apparent that the defendant has not been misled, the variance between the petition and the proof should, under section 138 of the Code, be treated as immaterial.

3. ——: ——: ——: ——: INSTRUCTION: RULE OF DAMAGES. In such a case as is mentioned in the last foregoing paragraph, if the court has given to the jury the correct rule of damages for the alleged breach of the contract set forth in the answer, it is not error prejudicial to the defendant if he afterwards instructs them what is the measure of damages for a breach of a contract substantially such as is set out in the petition, if the measure so given is also equally applicable to the like breach of the contract as recited in the answer.

ERROR from the district court for Douglas county. Action for breach of contract for goods sold and not

delivered. Tried below before SLABAUGH, J. Verdict for plaintiff in the sum of $1,000. Judgment on the verdict. Defendant brings error. *Affirmed.*

*James M. Woolworth* and *William D. McHugh,* for plaintiff in error.

*W. J. Connell* and *William C. Ives, contra.*

AMES, C.

There is no dispute as to facts calling for our consideration disclosed by the record in this case. The plaintiff in error purchased certain buildings which had been erected upon the exposition grounds at Omaha for the purpose of taking them apart and selling the material of which they were composed. Pursuant to this purpose, it contracted to sell to the defendant in error a specified quantity of lumber, or so much thereof as it should be able to take out of the structures mentioned. The specified quantity of lumber was not delivered and this action was brought to recover damages for an alleged breach of the contract. In the petition the terms of the agreement were incorrectly recited in this respect: that the pleading averred an unqualified contract to sell, omitting the condition that the defendant should be able to obtain the material from the buildings. The answer correctly recited the contract and denied a breach of it. There was a conflict in the evidence as to whether the defendant had been able to obtain the required lumber from the buildings. At the request of the defendant, the court gave to the jury the following instruction: "The jury are instructed that, under the contract between the plaintiff and the defendant herein, the defendant was only bound to furnish and deliver to the plaintiff such portions of the lumber specified in the contract as the defendant was able to take out of the buildings upon the exposition grounds." Having asked and obtained this instruction, we think the defendant is estopped to dispute that it correctly states the purport and effect of the con-

tract between the parties, and properly indicates what, under the issues, would constitute a breach of it. The estoppel is not evaded by the fact that the defendant at the same time requested another instruction, which was in conflict with the foregoing, as to the purport of the contract, and which the court refused. The court could not consistently have given both instructions, and, by tendering alternative propositions, the defendant agreed, in effect, to be bound by the choice which the court should make of them. The court of its own motion gave, also, the following instruction, to which the defendant excepted: "If you believe from the evidence that the plaintiff and defendant through their representatives entered into a contract substantially as set out in the petition of the plaintiff, then you should find for the plaintiff and assess the amount of its recovery in such sum as represents the difference between the contract price of the material to be furnished defendant by plaintiff and the fair market value of said material at the time and place to be delivered to plaintiff. If you do not so find, your verdict will be generally for the defendant." This instruction is complained of because it refers to "a contract substantially as set out in the petition" which, it is said, was misleading to the prejudice of the defendant, for the reason that no such contract was proved to have existed. Taken in connection with the first-quoted instruction, we are skeptical about its having done so. The jury could not have erred in supposing that they were to award the plaintiff damages, if any, for a failure to deliver lumber beyond that which the defendant was able to take out of the buildings; and, unless they did so, they did the defendant no wrong, whether or not they supposed that the admitted contract was substantially like that set out in the petition. The measure of damages furnished by this instruction was equally applicable to the alleged breach either of the contract as recited in the petition or as set forth in the answer, to wit, the difference between the fair market value of the property contracted to be sold, at the time and place fixed for its delivery, and the agreed price thereof at that time and place.

Finally, it is contended that there is a variance between the contract as recited in the petition and that proved at the trial. This is true, but section 138 of the Code enacts: "No variance between the allegation in a pleading and the proof, is to be deemed material, unless it have actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as may be just." We think the foregoing section was intended to apply to a case of this kind. If the answer had been a general denial, the variance might, perhaps, have been material and fatal, for the defendant might then have contended that it had not been called upon to prepare a defense to the contract which it did make, and which was proved, and that a judgment upon a contract which it did not make would not be a bar to a new action upon the real agreement. But in this case the defendant corrected by its answer the mistake in the petition by pleading the actual contract, and its version of the transaction was admitted by the plaintiff to be accurate. Thereupon the action proceeded and was tried in all respects as though the petition and answer were in agreement in this respect, and a full and fair investigation was made of all the rights and liabilities of the parties under the contract really in controversy, and the only one touching the subject-matter in existence between them. Under such circumstances it can not be successfully contended that the defendant was misled to its prejudice, or was even misled at all. It had as good an opportunity to make, and, as it appears, did make, as thorough and complete a defense as though the misrecital in the petition had not occurred. We think we are therefore required by the above-quoted section of the Code to treat the variance complained of as, under the circumstances of the case, immaterial.

The plaintiff below recovered a verdict and judgment,

and the defendant brought the case here, assigning the
foregoing matters for error.   We think the assignments
are not well laid, and recommend that the judgment of
the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opin-
ion, it is ordered that the judgment of the district court be

AFFIRMED.