The opinion of the court was delivered by
Rogers, J.
I am not aware, that fhis precise question has been settled by any express adjudication. Several cases have arisen, where jurors have been permitted to dissent from a verdict, before it is received and recorded, as in the case of a sealed verdict, and this has been the practice in Pennsylvania, although regretted by some of our wisest judges. After the jury have rendered their verdict, it is read to them, that they may say, whether the court have recorded it according to their finding. If any mistake should have occurred, it may be immediately corrected. To permit an alteration, after the jury are dismissed, would lead to great abuses, and I am unwilling to extend the principle further than the adjudged cases. How long shall this privilege last; how draw the line of distinction, and in what manner shall we ascertain whether it be the correction of an honest mistake,’ or the result of improper tampering, and out-of-door managemen with the jury? The remedy attended with the least danger is to commit the cause to another jury, on a motion for a new trial. In Root v. Sherwood, 6 Johns. Rep. 68, it is said, — there is no verdict of any force, but a public verdict, given openly in court. Until it is received and recorded it is no verdict, and the-jury have a right to alter it, as they may a private verdict. In Blackely v. Sheldon, 7 Johns 32, the court say, the law is well settled, that before a verdict is recorded, the jury may vary from the first offer of the verdict, and the verdict which is recorded shall stand; and there are many cases in the books, of a jury changing their verdict, immediately after they have pronounced it in open court, and before it was received and entered, (Dyer, 204, e. Plowd. 209. Saunders v. Freeman, Co. Lit. 227, e.) The verdict is not recognized as valid and final, until it be pronounced and recorded in open court.
The law allows the jury all reasonable opportunity, before their verdict is put on recm'd, and they are discharged, to discover and declare the truth according to the judgment. The court may also of their own accord, send the jury back to re-consider their verdict, if it appears to be a mistaken one, and before it is received and recorded. In 7 Bac. Ab. page 9, it is laid down to the same effect. So also, 1 Inst. 227, and P. Wms. 211.
Although these cases do not expressly determine the point, the *416 inference is irresistible, that where the verdict is received, recorded, and the jury dismissed, as here, they have not the power to alter their verdict.
It is objected, that this is not the subject of a writ of error. The whole matter has been fairly stated on the record by the President of the Common Pleas, from which it appears to the court, that there was no authority to render judgment on the second finding of the jury. It was the ground for a motion in arrest of judgment, or for a writ of error to this court.
Judgment reversed.