## Wolfran *against* Eyster.

If the jury return an informal verdict, it is not error for the court to direct them to return and put it into proper form, although they had previously separated after sealing it. It is the *duty* of the court to have all such formal defects amended.

ERROR to the common pleas of *York* county.

Eyster against Wolfran. Action of debt.

In this case the jury having been charged by the court, retired to their room at half past twelve o'clock, P. M., with directions to seal their verdict in case they should agree during the intermission of the court. At two o'clock the jury brought into court a sealed verdict, in the following words: "We, the jurors, do find for the plaintiff 160 dollars, and interest for the same." Whereupon the court directed the jury to retire again to their room, and ascertain the amount of the interest; the defendant's counsel objecting thereto, as the jury had separated after they had sealed their verdict, and desiring the court to note the objection. The jury having computed the interest at 9 dollars and 60 cents, returned into court and rendered their verdict for 169 dollars 60 cents.

The error assigned was that the court did not receive and record the sealed verdict, but directed the jury to return another verdict.

[Wolfran v. Eyster.]

*Ramsey*, for plaintiff in error, contended that the court erred in sending the jury back and receiving a second verdict.

*Evans*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

HUSTON, J.—It is a matter of frequent occurrence, in every district of the state, that juries deliver their verdict verbally or in writing; and upon its being heard or seen the jury are informed that it is informal, and are instructed by the court in what particular, and directed how to amend it, by calculating the interest, or stating it in some other form. So far from this being error, it would be wrong for a court to omit it, and thus subject the parties and the county to the expense and trouble of another trial. I speak of amending mere defects in form, not substantially changing the finding of the jury. When the correction is made, the recorded verdict is the only proper one; and the paper returned by the jury is no part of it. 10 *Serg. & Rawle* 84. The case in 16 *Serg. & Rawle* 414, while it repudiates the idea of disturbing a recorded verdict of a dismissed jury, recognises amendments in the form of an unrecorded one.

Judgment affirmed.