ELIZUR E. PRITCHARD *vs.* WILLIAM E. HENNESSEY & trustees

A jury, who return a verdict that does not pass upon the whole matter submitted to them, may be sent out again by the court, even if they separated, after agreeing upon and sealing up their first verdict, before they came into court.

THE plaintiff recovered judgment against the defendant for $2,700; and the trustees disclosed funds in their hands to the amount of $2,565.   E. S. Burnett came in, and claimed of said funds $416 under an assignment from the defendant, and $2,000 for the amount of an order drawn by the defendant upon him, and by him accepted in favor of Elizabeth Jones.   Burnett, Saxton & Company also came in, and claimed $880 of said funds so belonging to them.   The plaintiff denied that either of the claimants had any claim upon the funds.

An issue was joined between the plaintiff and each claimant; and upon these two issues, the case was committed by the court of common pleas to a jury, who retired and agreed upon a verdict during the adjournment of the court, and afterwards separated for the night, and the next morning came into court with their sealed verdict.   This verdict was opened by the clerk, and not appearing satisfactory to him, because not in proper form, was handed by him to the counsel to be put into form; they could not agree; *Byington*, J. after examining the verdict, sent the jury out again, (the plaintiff objecting,) to put the verdict into form, so as to conform to the issues there decided.   And the jury afterwards returned a second verdict; this being unsatisfactory to the claimants and the court, and not embracing all the issues, the jury were sent out a third time, the plaintiff still objecting, and returned a third verdict.   The three verdicts are copied in the margin.*   Before the jury retired the last time, the judge inquired whether they intended to allow E. S. Burnett

---

* FIRST VERDICT.   "The jury find for the claimants as follows: The sum of four hundred and sixteen dollars in favor of E. S. Burnett; the net proceeds (deducting charges) on the account of sales, amounting to eight hundred and eighty $\frac{19}{100}$ dollars, to Burnett, Saxton & Co.; the balance of amount in hands of said trustees to parties claiming under the said Burnett, Saxton & Co."

his claim on account of his acceptance of the order drawn upon him by the defendant in favor of Elizabeth Jones; and the foreman answered that they did. The last verdict brought in by the jury, though objected to by the plaintiff, was accepted by the court, the others not having been affirmed by the jury, nor recorded. The plaintiff, before judgment, moved that the verdict should be set aside, but the court refused, and entered judgment thereon. The plaintiff alleged exceptions to the rulings of the court, and to the acceptance of the verdict and refusal to set it aside.

*H. A. Scudder*, for the plaintiff. The last verdict was substantially a new verdict, differing from the first both as to the amounts, and as to the parties to whom they were found to be due. The jury, having agreed upon and sealed up the first verdict, and then separated for the night, could not be sent out again; and any verdict afterwards agreed upon by them, differing in substance from the first, was invalid, and should not have been accepted. *Lester* v. *Stanley*, 3 Day, 287. *Demund* v. *Gowen*, 2 Southard, 687. *Miller* v. *Hoc*, 1 Florida, 189. *Gordon* v. *Higley*, Morris, 13.

*W. Brigham*, for the claimants.

SECOND VERDICT. "The jury find for the claimants as follows: That the said E. S. Burnett has a claim upon the goods, effects and credits in the hands of said trustees to the amount of four hundred and sixteen dollars. The jury find also, that Burnett, Saxton & Co. have a claim upon the said goods, effects and credits in the hands of said trustees, to the amount of proceeds of sales of said goods, effects and credits, after deducting the aforesaid amount of four hundred and sixteen dollars, to the amount of eight hundred and seventy dollars."

THIRD VERDICT. "The jury find for the claimants as follows: That the said E. S. Burnett has a claim upon the goods, effects and credits, in the hands of said trustees, to the amount of four hundred and sixteen dollars. The jury find, also, that Burnett, Saxton & Co. have a claim upon the said goods, effects and credits in the hands of said trustees, to the amount of proceeds of sales of said goods, effects and credits, after deducting the aforesaid amount of four hundred and sixteen dollars, to the amount of eight hundred and seventy dollars. The jury also find, that the said E. S. Burnett, for account of an order accepted by him in favor of Elizabeth Jones, has a claim for whatever balance may exist from the proceeds of said goods, effects and credits in hands of said trustees, after deducting the aforesaid amounts of four hundred and sixteen dollars and eight hundred and seventy dollars."

METCALF, J.   The court are of opinion, that these exceptions cannot be sustained.   The first two findings of the jury were .ncomplete; and they were properly sent out to find a verdict that should pass upon the whole case presented to them.   The practice of sending out a jury, when they return a finding that is absurd or defective, has existed more than four hundred years. We find in the year book, 11 H. 4, 2, pl. 3, that where, in a writ of conspiracy against two, the jury found one guilty and the other not guilty, they were told by the judge that their finding was contradictory; that if one was not guilty, the other could not be guilty, in a charge of conspiracy, and that they had better reconsider their verdict; whereupon they were taken back, and afterwards they returned and found both guilty.   See also 2 Hawk. *c.* 47, § 11;   Bac. Ab. Verdict, G;   *Regina* v. *Ballivos,* 1 P. W. 212; 6 Dane Ab. 235;   *The State* v. *Arrington,* 3 Murph. 571; *Walter* v. *Junkins,* 16 S. & R. 415; *Goodwin* v. *Appleton,* 22 Maine, 453.

It is objected by the plaintiff, that the jury could not be sent out in this case, because they had separated, after their first finding, before they came into court.   But the cases cited by him do not support this objection; and the contrary appears from the cases of *Edelen* v. *Thompson,* 2 Har. & Gill, 31, *Wolfran* v. *Eyster,* 7 Watts, 38, and *Sutliff* v. *Gilbert,* 8 Ohio, 409. So where a jury separated after having agreed, and afterwards came into court with a sealed verdict, which one of the jurors refused to affirm, the court sent them out, and they agreed on a verdict, which the court refused to set aside.   *Bunn* v. *Hoyt,* 3 Johns. 255.   *Douglass* v. *Tousey,* 2 Wend. 352.

*Exceptions overruled.*