ANDERSON v. ILLINOIS SURETY CO.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

TRIAL (§ 339*)—VERDICT—EXCHANGE OF AND RECONVENING JURY.

    The stipulation, under which a case was submitted to the jury, that a sealed verdict might be rendered, and that it be received the following Monday in another part of the court in which the judge would then be sitting, and that the verdict might be received in the absence of the jury, contemplating that the jury would not again come into court, the jury was virtually discharged, so that it could not be reconvened and permitted to render a verdict, when, it being unable to agree, the officer in charge, pursuant to instructions received from the judge, allowed the jurors to separate, though the officer, as instructed by the judge, told the jurors to be in court on the following Monday; and this though the jurors were able to agree on one of the three questions submitted to them, their answer merely showing plaintiff was entitled to some recovery, but not authorizing a judgment for him in the absence of a finding as to the amount of recovery.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 791–794; Dec. Dig. § 339.*]

Appeal from Special Term, New York County.

Action by William B. Anderson against the Illinois Surety Company. From an order denying a motion to set aside for irregularity the judgment for plaintiff, defendant appeals. Reversed, and cause restored to calendar.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

L. Laflin Kellogg, of New York City, for appellant.
Louis Burgess, of New York City, for respondent.

SCOTT, J.   The irregularity of which defendant complains consisted of reconvening a jury after it had disagreed, and, as it is claimed, been discharged, and resubmitting the case to them.   The defendant is sued upon a bond conditioned for the faithful performance by the Gurlitt-Manning Company, of a contract to build a home, the plaintiff's claim being that that company defaulted in its contract, whereby he was damaged.

The trial was concluded and the case submitted to the jury on Friday February 28, 1913, the last day of the February term.   Three questions were put to the jury, as follows: (1) What was the date of the completion of the work under the Gurlitt-Manning contract, as completed by the plaintiff?   (2) What was the excess of the fair cost of completion as completed by the plaintiff over and above the cost as covered by the Gurlitt-Manning contract?   (3) Is the plaintiff entitled to recover damages for the rental value of the property, and, if so, for what time and for what amount?   It was stipulated that a sealed verdict might be rendered, and that it be received on the following Monday in another part of the court in which the justice who presided at the trial would then be sitting.   It was further stipulated that the verdict might be received in the absence of the jury with the same force and effect as if the jury were present.   The jury deliberated until about midnight, when, being unable to agree, the officer in charge, in pursuance of instructions received from the justice, allowed them to separate.   The instructions to the officer were to tell the jury to be in court on the following Monday morning and he did so tell them, but evidently they did not all understand him because only a part of them responded.   On Saturday, by direction of the justice, a postal card was sent to each juror instructing him to present himself in court on Monday morning.   All but two responded, when it appeared that the jury had been able to agree upon the date in answer to the first question, but had not been able to agree upon answers to the second and third questions.   The matter was postponed until Tuesday morning, when all the jurors appeared and were further instructed by the court, who informed them that their answer to the first question established plaintiff's right to recover some damages, and then sent them out to answer the second and third questions, which in time they did.   Upon these answers a judgment was directed in favor of plaintiff.   All these proceedings were under the objection and exception of defendant's counsel.

We are of opinion that the regularity of the proceeding turns upon the question whether the jury were discharged on Friday night, when, having been unable to fully agree, they were allowed to separate, for, as remarked by Andrews, J., in Rippley v. Frazer, 69 Misc. Rep. 415, 127 N. Y. Supp. 577, no case has been found holding that, after a jury has been formally discharged by the court, it may be reconvened and permitted then to render a verdict.   The cases cited by respondent may all be brought within two classes: Where the jury has in fact agreed upon a verdict which necessarily demands the entry of a judg-

ment, although by mistake the verdict may not have been improperly announced or recorded, or where the jury, having arrived at an agreement, has remained in charge of the case and under control of the court and has been sent back to correct an obvious error, or to complete an imperfect verdict. That the jury in the present case was virtually discharged when it was allowed to separate seems to be clear. The stipulation of the parties contemplated that the jury should not again come into court, and the direction of the justice that the jurors should appear before him on Monday morning did not amount, as we consider, to leaving the case still under their advisement. Nor was the case one in which the question upon which the jury had been able to agree required, without any further finding, a judgment for plaintiff. It is true that, as stated by the Justice, their answer necessitated some recovery by plaintiff, but the amount of the recovery remained still to be determined. We are aware that the courts have gone to considerable lengths in saving verdicts under somewhat similar circumstances, but no case, as we think, has gone so far as it would be necessary to go to uphold the judgment in the present case and we feel that we should not go so far, regrettable as it is that the result of a long trial should be lost.

The order appealed from permits a renewal of the motion upon a complete record of a trial. Ordinarily we do not review an order when permission to renew is given, but, in the present case, we are unable to perceive that a record of the trial would throw any light upon the occurrences which happened after the submission of the case to the jury.

The order appealed from must be reversed, with $10 costs and disbursements, and the judgment vacated, the cause being restored to the trial calendar as nearly as may be in the position it would have occupied if the jury had been recorded as disagreeing. All concur.