WANDS v. CITY OF SCHENECTADY et al.

(Supreme Court, Appellate Division, Third Department.    January 5, 1916.)

TRIAL ⚖➞340—IRREGULARITY IN VERDICT—CORRECTION.

Under Code Civ. Proc. § 723, providing that in every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, in an action against a city and individual defendants for injury received in tripping over a curb box, where the jury found "that the damage to the plaintiff was in the sum of $850," but attempted to apportion the damages, $700 to be paid by the city, and $150 by the individual defendants, disregard of such irregularity, and the entry of judgment on the verdict against each defendant for $850, was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795–799; Dec. Dig. ⚖➞340.]

Appeal from Trial Term, Schenectady County.

Action by Mary Wands against the City of Schenectady and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Edward D. Cutler, of Schenectady, for appellant city of Schenectady.

Miller & Golden, of Schenectady (John D. Miller, of Schenectady, of counsel), for appellants Golden.

Crawford & Cogan, of Albany (Henry J. Crawford, of Albany, of counsel), for respondent.

HOWARD, J. The plaintiff tripped over a water curb box while walking along on the sidewalk of one of the public streets of the city of Schenectady. She fell and was injured. This curb box did not stand in the concrete or paved part of the walk, but was located between the curb and the concrete. The complaint alleged nuisance, and the case was tried on that theory. The facts brought it squarely within Hall v. Cooper Land Company, decided by this court (139 App. Div.

⚖➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

922, 124 N. Y. Supp. 1116) and by the Court of Appeals (203 N. Y. 587, 96 N. E. 1115). The evidence warranted the verdict, and we find nothing demanding our consideration, except an irregularity in the rendition of the verdict.

After submitting the case to the jury, it being Friday afternoon, the justice who conducted the trial left the courtroom to go home; it being agreed by counsel that a resident justice should receive the verdict. At 8 o'clock in the evening the jury reported a verdict of $700 against the defendant city and $150 against the defendants Golden. A recess was taken until the following Monday. On Monday the justice who presided at the trial returned and convened court, and the following took place:

"The Court: What is the record in the last case?

"The Clerk: They return and say they find for the plaintiff in the sum of $850. The foreman stated they found as follows: $700 against the city and $150 against the defendants Golden. Justice Whitmyer, who received the verdict in the absence of Justice Kellogg, then ordered a recess to 2 p. m. Monday, May 17, 1915.

"Mr. Naylon: I wish, if it be agreeable to your honor, that you permit the verdict to stand as it is, and give us an opportunity to present whatever we have to say, if we have anything to present by Thursday morning.

"The Court: Call the jury in that case.

(The jurors in Wands v. City of Schenectady and Golden were called and resumed their places in the jury box.)

"The Court: What do I understand your verdict is, Mr. Foreman?

"The Foreman: The verdict was rendered against the city for $700, and $150 against the defendants Golden.

"The Court: Did you find that the cause of the injury was a nuisance maintained by the city and the defendants Golden?

"The Foreman: Yes, sir.

"The Court: Did you find that the damage to the plaintiff was in the sum of $850?

"The Foreman: Yes, sir.

"The Court: Do I understand that of that damage you thought it fair that the city should pay $750, and the defendants Golden $150?

"The Foreman: The city $700.

"The Court: And the words of your foreman are assented to by all the members of the jury?

"The Jurors: Yes, sir.

"The Court: I excuse the jury from that case. Now do you wish to make a motion on either side?"

Immediately thereafter, on motion of the attorney for the plaintiff, the court directed as follows:

"Now, on motion of the attorney for the plaintiff, I direct, under objection upon the part of each of the defendants, that the clerk of the court enter upon the minutes of the court that the jury returned a verdict in favor of the plaintiff against each of the defendants in the sum of $850, to which each of the defendants excepts."

The attempt of the jury to apportion the damages was clearly beyond the scope of its duties. The jury sat only to determine whether the curb box constituted a nuisance, and whether the plaintiff tripped over it and was injured, and the extent of her damages. Any suggestion from the jury beyond this was mere surplusage, and affected in no manner their verdict on the issues before them. It was proper beyond question for the court to correct the irregularity. The jury

found "that the damage to the plaintiff was in the sum of $850." The trial court directed the entry of a verdict in favor of the plaintiff for that amount against the defendants. To have magnified this trifling irregularity into a mistrial would have been a travesty. In Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559, the jury returned a verdict for the plaintiff, but failed to mention the amount of the recovery. The trial court, several days afterwards, on affidavits from all the jurors, directed the entry of a verdict for the plaintiff for $848. The Court of Appeals held this to be correct practice, and Judge Peckham said:

"In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure."

Other cases might here be cited, with other expressions from the courts, but none are necessary. Modern ideas of justice will not permit form to triumph over substance. Section 723 of the Code of Civil Procedure says that:

"In every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party."

Section 1317 of the Code says:

"After hearing the appeal, the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

If these provisions of the written law have any significance or value whatever, they are sufficient to sanction the correction of the verdict ordered by the trial justice, and which is now under criticism.

The judgment and order appealed from should be affirmed, with costs. All concur.