SOLOMON TENENBAUM, HARRY TENENBAUM and MORRIS
J. BERNSTEIN, Copartners Doing Business under the
Firm and Style of S. TENENBAUM SONS & Co., Appellants, *v.* JOSEPH H. COHEN, Respondent

(Supreme Court, Appellate Term, First Department, June, 1917.)

Verdict — sealed — trial — set-off — reconvening   jury   to   correct — evidence.

> Where the only issue litigated on the trial of an action for goods sold and delivered was whether defendant was entitled to a set-off of damages because of an alleged breach of warranty, pleaded as a defense, and under the proof and charge of the court plaintiffs are entitled to a verdict in some amount, and it is stipulated that a sealed verdict might be returned without the necessity of attendance by the jury and the sealed verdict was in favor of defendant in a certain amount on the set-off, the court acted within its power in reconvening the jury, which had not been discharged, for the purpose of correcting the verdict so as to make it in favor of plaintiffs, there being no question but that the jury intended merely to fix the amount of the set-off and that they supposed the clerk would make the subtraction from the amount of plaintiffs' conceded claim.

> The only dispute between the parties concerning a certain credit memorandum received and accepted by defendant, being as to whether it was solely for shortage in the width of the goods or for all claims, plaintiffs were entitled to a charge that, if the jury believed that the memorandum was in full of all claims, the verdict must be for plaintiffs, the point not having been covered in the main charge of the court.

> Evidence offered to prove an item of damage claimed by defendant and substantially all the evidence on the point considered, and *held* to have been improperly admitted.

PLAINTIFFS appeal from a judgment of the City Court of the city of New York entered in their favor for the sum of $775.13, upon the verdict of a jury, and from an order denying their motion for a new trial.

Lazarus Joseph (Jacob S. Demovitch, of counsel), for appellants.

Abraham Landau, for respondent.

Ordway, J.   This is an action to recover the purchase price of certain silks sold and delivered by the plaintiffs to defendant, the defense to which is a breach of warranty, and a set-off of damages arising therefrom.

It was practically conceded upon the trial that the plaintiffs sold and delivered to the defendant the silks in question, and that the price thereof was agreed upon, and that the only issue was as to whether the defendant was entitled to a set-off for damages because of the alleged breach of warranty.   As the plaintiffs' claim, as pleaded and proved by them, amounted to $1,265.87, and as the defendant's claim by way of set-off amounted at most to $699.54, it was recognized by all parties and in the charge of the court to the jury, that the plaintiffs were entitled to a verdict for some amount.   After the jury retired the record states the proceedings as follows:

" A sealed verdict was ordered at 5:15 o'clock p. m. and it was consented to by both sides that the sealed verdict might be returned at the opening of Court Monday, April 23, 1917, without the necessity of attendance of the jury.

April 23, 1917.

" Tenenbaum vs. Cohen.

" Trial resumed.

" The verdict of the jury was opened in accordance with the stipulation, without the presence of the jury and the verdict was found to be ' Verdict for the defendant for $571.54 on the set-off.'

Appellate Term, First Department, June, 1917. [Vol. 100.

" Motion was then made to set aside the verdict on the ground that it was contrary to law, against the weight of evidence and all the grounds enumerated in section 999 of the Code of Civil Procedure and on the further ground that it was insufficient and the motion was thereupon denied.

" 'And because of ambiguity the Court directed that the jury be reassembled at 2 o'clock P. M., for the purpose of recording the verdict. The court stated that he would send for the jury and have them there at 2 o'clock to explain what they meant, directing both counsel to be present. At 2 o'clock the jury having assembled, the verdict was found to be ' Verdict for the defendant for $571.54 on the set-off.'

" The Court: Do you mean by that, gentlemen of the jury, that the defendant is to receive an affirmative verdict against the plaintiff, or that the amount of money which the contract indicated was due to the plaintiff was to be reduced by $571.54?

" The Foreman: Exactly, your Honor; the amount due the plaintiff to be modified by that amount.

" The Clerk: Gentlemen of the jury you say you find a verdict for the defendant for $571.54 on the set-off, reducing the plaintiff's claim from $1,265.87 to a balance of $694.33?

" The Foreman: Yes.

" The Clerk: Gentlemen of the jury, you find a verdict in favor of the plaintiff for $694.33?

" The Foreman: Yes.

" Plaintiff's Counsel: I move to set aside the verdict on the ground:

" *First,* that the jury, having been discharged under consent of counsel to have the verdict rendered without the presence of the jury, the jury having been discharged, the Court is without jurisdiction in

re-assembling them to find out the meaning of their verdict.

" I further move to set aside the verdict on the ground that it is contrary to law, against the weight of evidence, and on all the grounds enumerated in Section 999 of the Code of Civil Procedure.

" On the further ground that the verdict is insufficient.

" The motion to set aside the verdict on the ground of the jury having been discharged is denied, because the jurors were not discharged; they were simply excused from duty.

" The other motions are denied."

The plaintiffs have appealed from the judgment in their favor and now urge that the jury was discharged on Friday night when they handed the sealed verdict to the clerk of the court, and that the court was without power to re-assemble them for further consideration or explanation of their verdict, and without power to correct their verdict. It will be noticed that the plaintiffs did not take any exceptions to the action or rulings of the court in these particulars, but, waiving this, it seems to us that there was no error committed by the court in these respects. In our opinion the court could probably have corrected this verdict so as to read " Verdict for the plaintiff for $694.33 " without reconvening the jury and re-submitting the matter to them, since it was absolutely beyond question that the jury intended merely to fix the amount of the defendant's set-off at $571.54, and supposed that the subtraction from the amount of the plaintiffs' conceded claim would be done by the clerk of the court. *Hodgkins* v. *Mead,* 119 N. Y. 166. But to assist the court and make the matter entirely clear, the jury were called together, and asked the meaning of their verdict, and gave the answers .

stated above. At that time, the original verdict of the jury had not been recorded, and the jury had really not been discharged. It had been stipulated that the sealed verdict might be returned "without the necessity of attendance of the jury," but when their verdict was returned, and the court thought it was advisable to have them attend, he was quite within his powers in reconvening them for the purpose of clearing up any possible ambiguity. As stated by the Court of Appeals in *Warner* v. *New York Central R. R. Co.,* 52 N. Y. 437, 440: "There is no doubt but that a jury after giving in a verdict may, before it is recorded, be sent back to reconsider it; not only to correct a mistake in form, or to make that plain which was obscure, but to alter it in substance if they so determine and agree. (Citing cases.) And where a jury has been authorized to bring in a sealed verdict, and has found it, put it in writing, sealed it, has separated, has the next morning come together in court and given it in; if the verdict be defective, the court may direct them to retire again and reconsider it." (Citing cases.)

As was well said in *Wands* v. *City of Schenectady,* 171 App. Div. 97, a somewhat similar case: "To have magnified this trifling irregularity into a mistrial would have been a travesty. * * * Modern ideas of justice will not permit form to triumph over substance."

The case of *Anderson* v. *Illinois Surety Co.,* 157 App. Div. 691, upon which the appellants rely, is distinguishable, for in that case the jury being unable to agree was allowed to separate in pursuance of instructions from the judge presiding at the trial, and it was held that under the circumstances the jury was virtually discharged when it was allowed to separate.

If this were the only point in the case, we should

Misc.]     Appellate Term, First Department, June, 1917.

not hesitate to affirm the judgment and order appealed from, but there are other exceptions which seem to us to require a reversal.

The evidence shows that the silk in question was delivered from time to time during the months of November, December and January, and that early in January the defendant complained that the pieces were running about an inch short in width, and also that the silk which was used for the linings of garments showed a tendency to stiffen when pressed with a hot iron.  Certain conferences and negotiations followed at which these two claims by the defendant were discussed.  The defendant's testimony tends to prove that the plaintiffs agreed to make an allowance of two and one-half cents per yard because of the shortage in width, and further agreed as to the stiffness that if the defendant would go on and use the goods, the plaintiffs would stand behind them and make good any damages.  While the plaintiffs do not deny that they agreed about the middle of January to make good any damages which the defendant might suffer from using the goods, they introduced evidence tending to show that thereafter on the thirty-first day of January, they sent to the defendant a credit memorandum allowing the defendant a credit of two and one-half cents a yard on all the goods which were accepted by the defendant, and their buyer, Gasner, testified that after the conference, in the middle of January, at which he was present, and in which these claims of stiffness and shortage in width were discussed, he called up the defendant on the telephone, " and I told him we have decided to give him two and one-half cents allowance on the ninety-one pieces of goods in settlement of all the claims which he has, and he says: 'All right; perfectly satisfactory.' "  Testimony is substantially the same and also given by the plaintiffs'

Appellate Term, First Department, June, 1917.    [Vol. 100.

witness, Kantor. The defendant does not deny that he received and accepted the credit memorandum, the only dispute between the parties on this point being as to whether it was a credit memorandum solely for shortage in width or for all claims, including the stiffness of the goods. The plaintiffs thereupon requested the court to charge as follows: "I ask your honor to charge that if the jury believes that the credit memorandum given on January 31st was in full of all claims the verdict must be for the plaintiffs in the full amount. The Court: I decline to so charge. The jury will give to that piece of evidence as all other whatever worth, and value they consider. it has. Exception."

It seems to us that the plaintiffs were entitled to the charge requested. That particular point was not covered by the court's general charge, and it seems to us that this refusal to charge may have seriously influenced the jury's verdict, and affected the substantial rights of the plaintiffs. Code, § 1317.

There is also an exception taken by the plaintiffs to the evidence introduced by the defendant in proof of damages, which seems to us to constitute substantial error. The defendant claimed that the silk linings purchased from the plaintiffs contained a latent defect in that they became stiff after ironing, and testified that he made up eighteen garments lined with plaintiffs' silks, and shipped them to his customers without knowing that the linings were defective, and that they were thereafter returned to him by his customers. He was thereupon asked: "Q. What was the value of the suits with good lining and what was the value of the suits when received by you from those customers with the plaintiffs' lining? Plaintiffs' Counsel: I object to that, if your Honor please, as not the proper way to prove damages. The Court: I will

take it.   Plaintiffs' Counsel:   Exception.   A. When
we sent them out $25; when we get them back $15.''

This testimony was offered to prove an item of $180
damage claimed by the defendant, and was substan-
tially all the evidence on this point.   There is no proof
given why or when the garments were returned by
defendant's customers, or of the condition they were
in when returned, or of any warranties made by
defendant in the sale of these garments to his cus-
tomers, or that the defendant owed any duty or was
under any obligation to his customers to accept the
return of the garments.   Under these circumstances,
it seems to us that the evidence was improperly
admitted.   *Black* v. *Dudley,* 75 App. Div. 72.

LEHMAN and BIJUR, JJ., concur.

Judgment  and  order  reversed  and  new  trial
ordered, with costs to appellants to abide event.