## Hitz et al. v. Baron Brothers.

*Practice, C. P.—Trial—Verdict—Sealed verdict—Correction of verdict.*

1. Where a case has been submitted to a jury, it is in their hands until they render a verdict in legal form which is recorded by the court.

2. The jury may be sent back as often as it is necessary to put their verdict in legal form, and this is the case, although they have sealed a verdict; but the final verdict must be in harmony with the sealed verdict.

Motion for new trial. C. P. Delaware Co.

A. A. Cochran, for plaintiffs; H. E. Hannum, for defendants.

BROOMALL, J.—This was a suit brought by the plaintiffs against the defendants to recover the purchase price of a lot of porch swings.

The defence was that they were sold according to sample, and that they did not comply with the sample. The defendants refused to accept the last shipment, and this shipment went into a warehouse.

The jury retired late in the day, and during the night they came to an agreement, sealed their verdict and separated. On coming into court the next morning, their sealed verdict was opened by the court, and it was found to be in favor of the plaintiffs, with the stipulation that the porch swings at the warehouse should be delivered to the defendants as their property. While this stipulation contained the legal effect of a verdict for the plaintiff, still it had no place in the verdict. The court refused to receive the verdict and sent them back with instructions to find a verdict for the plaintiff or for the defendant, and if for the plaintiff, to incorporate in their verdict the amount of their finding. The jury retired and came in again with a verdict for the plaintiff for a certain sum, with interest from a certain date. The jury was told that this verdict could not be received, and they were sent back to make

4 D. & C.

Hitz et al. v. Baron Brothers.

up their verdict in a lump sum.   Before retiring, one of the jury inquired how about the porch swings, evidently referring to the porch swings at the warehouse, and still being exercised about the stipulation in the sealed verdict. This question had been previously answered by the court.   The jury then retired and brought in a verdict in favor of the plaintiff for $289.86.

The defendants move for a new trial and question the validity of the verdict, in view of the circumstances related.   We cannot agree with this contention.

The law of this question is this: The case is in the hands of the jury until they render a verdict in legal form, which is recorded by the court, and the jury may be sent back as often as it is necessary to put it in legal form, and this although they have sealed a verdict and separated: Wolfran v. Eyster, 7 Watts, 38;  Reitenbaugh v. Ludwick, 31 Pa. 131;  Columbia Glass Co. v. Atlantic Glass Co., 43 Pa. Superior Ct. 367.   But it is error to permit a jury to essentially change their verdict, which they had sealed and then separated, for instance, from a verdict in favor of the plaintiff to one in favor of the defendant, because this would not be the change of an informal verdict: Beecher v. Newcomer, 46 Pa. Superior Ct. 44.

In our case the final verdict of the jury was in harmony with their sealed verdict.

It follows that the defendants' motion for a new trial is refused.

From A. B. Geary, Chester, Pa.