J. Irwin Shapiro, J.
This is a motion by the defendant for an order dismissing the superseding indictment returned against him herein “ pursuant to Sections 9 and 32 of the Code of Criminal Procedure
*140 The defendant was indicted charged with two counts of falsely making, altering, forging and counterfeiting doctor’s prescriptions. The defendant pleaded not guilty to the counts of the indictment but, thereafter on October 5, 1959, defendant withdrew the plea of not guilty and substituted a plea of guilty to an attempted violation of section 889-b of the Penal Law. Subsequently he was permitted to withdraw this guilty plea.
When the case was tried, the Trial Judge admitted the prior plea of guilt in evidence during the People’s case.
The defendant appealed on the basis of the decision of the Court of Appeals in People v. Spitaleri (9 N Y 2d 168). The judgment of conviction was reversed and the matter remitted to this court for a new trial. (14 A D 2d 575.)
Defendant then moved for an order granting him an inspection of the minutes of the Grand Jury which resulted in the indictment or, in the alternative, for a dismissal of the indictment, pursuant to section 317 of the Code of Criminal Procedure. Meanwhile the Grand Jury of the County of Queens returned a superseding indictment containing the two counts charged in the original indictment and, in addition, two counts of uttering a forged instrument.
It is against that superseding indictment that this motion is directed, the original indictment having been dismissed by this court when the superseding indictment was returned.
The defendant contends that to permit this superseding indictment to stand would place him in double jeopardy and would be violative of section 9 of the Code of Criminal Procedure and section 32 of the Penal Law (incorrectly designated by him as the Code).
Section 9 provides that: “No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted ’ ’, and section 32 of the Penal Law provides that: “ Where a prisoner is acquitted or convicted, upon an indictment for a crime consisting of different degrees, he can not thereafter be indicted or tried for the same crime, in any other degree, nor for an attempt to commit the crime so charged, or any degree thereof.”
In the case at bar the defendant was convicted, but that conviction was reversed. The judgment of conviction is thereby rendered a nullity so far as the right of the District Attorney to try this defendant again is concerned.
Section 543 of the Code of Criminal Procedure says in part: “Upon hearing the appeal the appellate court may, in cases where an erroneous judgment has been entered upon a lawful verdict, or finding of fact, correct the judgment * * *; in *141 all other cases they must either reverse or affirm the judgment or order appealed from * * * and in cases of reversal, may, if necessary or proper, order a new trial.”
Section 544 of the Code of Criminal Procedure states: “ § 544. New trial. When a new trial is ordered, it shall proceed in all respects as if no trial had been had.”
It is apparent, therefore, that a judgment of conviction which has been reversed does not place the defendant in double jeopardy when he is ordered to trial again on the old indictment.
The question, therefore, is whether the situation is different when the District Attorney does not seek to re-try the defendant upon the original indictment, but seeks after the judgment of conviction has been reversed and a new trial ordered to obtain a new and superseding indictment containing additional counts or charges not found in the original indictment.
The answer to that question would seem to be no. In People v. Cocco (3 N Y 2d 716), defendant had been indicted in 1950 for the crime of grand larceny in the first degree and he was subsequently convicted of grand larceny in the second degree. Upon appeal that conviction was reversed and a new trial ordered (305 N. Y. 282). In 1953 another Grand Jury indicted the defendant for grand larceny in the second degree and upon motion of the People, the first indictment was dismissed upon the ground that it was superseded by the second indictment.
In the Court of Appeals the defendant argued that following a dismissal of the first indictment without his consent he was placed in double jeopardy by the proceedings upon the second indictment. The judgment of conviction was affirmed without opinion both in the Appellate Division and in the Court of Appeals (2 A D 954; 3 N Y 2d 716). That case would seem to be a complete answer to the defendant’s contention here since it is four square with the situation before the court. That case was subsequently cited with approval and with an explanation of its meaning in People v. Ercole (4 N Y 2d 617) where the court said: “It is well-settled law in this State that when a defendant procures a reversal of his conviction and sentence for legal error at trial, he may not plead the former proceedings in bar to a second trial for the same offense. Upon reversal, the defendant is deemed to be in precisely the same position as though there had been no trial (People ex rel. Sloane v. Lawes, 255 N. Y. 112, 117; People v. McGrath, 202 N. Y. 445, 451; People v. Palmer, 109 N. Y. 413, 418-419). As this court stated in the Palmer case: ‘ * * * [i]f reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judg *142 ment of the appellate court, and they are as though they never had been; while the indictment is left to stand as to the crime, of which the prisoner had been charged and convicted, as though there had been no trial ’ (pp. 419-420; emphasis added). So thoroughly does a reversal operate to vitiate the former proceedings that the defendant may be tried upon a superseding indictment which contains a coumt not included in the first indictment (People v. Cocco, 3 N Y 2d 716) ” (p. 620; emphasis supplied).
Under the circumstances it may not be doubted that the People had the power to secure and the Grand Jury had the power to return a superseding indictment in this case.
The motion is, therefore, in all respects denied.