Argued January 6, affirmed March 1, 1967

BALLOU, *Appellant, v.* BLITZ-WEINHARD
COMPANY, *Respondent.*

424 P. 2d 225

*Ralph C. Sipprell,* Portland, argued the cause for
appellant. On the briefs were Buss, Leichner, Linstedt
& Sipprell.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief was William F. Thomas.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

Plaintiff brought this action to recover damages for injuries suffered by him as the result of the alleged explosion of a beer bottle containing beer manufactured and sold by the defendant. He sued for breach of implied warranty. The accident occurred in a restaurant where plaintiff's wife was employed as a bartender. Plaintiff testified that to assist his wife he was placing bottles of beer in a refrigerator when one of the bottles exploded. The jury returned a verdict for the defendant and plaintiff has appealed, assigning as error the court's refusal to give six instructions requested by him.

We find no reversible error.

The subject matter of two requested instructions explaining implied warranty of merchantability was adequately covered by instructions given by the court.

The plaintiff requested the court to charge that if the bottle exploded after being carefully handled "the burden of going forward with the evidence shifts to the defendant" and the jury could infer a breach of implied warranty. The request was faulty in several particulars. "Going forward with the evidence" is lawyers' language, and even lawyers at times confuse it with burden of proof. Besides, the defendant had already gone forward and there was no point in that part of the instruction. The court was not required to

inform the jury of the inference (see *Centennial Mills, Inc. v. Benson*, 234 Or 512, 518-519, 383 P2d 103). Finally, the instruction, as will hereinafter be shown, was inconsistent with another requested by the plaintiff which incorporated the doctrine of strict liability.

A request that the court tell the jury that a manufacturer has an affirmative duty "to foresee what will happen to the product of manufacture as it goes through its normal work life" was properly refused, both because it is unintelligible and the question of fact as to whether there has been a breach of warranty is not dependent upon what the manufacturer may foresee.

■ As previously stated, the plaintiff asked for an instruction on strict liability. It reads:

> "You are instructed that the manufacturer of any product who sells it in a condition dangerous for its intended use, is strictly liable to its ultimate consumer for injuries resulting from such use, despite the exercise of all reasonable care upon the part of the manufacturer."

We need not decide whether the doctrine of strict liability announced in *Wights v. Staff Jennings*, 241 Or 301, 405 P2d 624, is applicable to this case, for the request was properly refused in any event. It is defective in that it speaks of liability to the "ultimate consumer." Since the plaintiff was not a consumer, ultimate or otherwise, the introduction of that language into the instruction might well have misled the jury. The request is inconsistent with the requested instruction above discussed, in which the court was asked to tell the jury about the inference they might draw. The plaintiff, having asked the court to submit the case on two inconsistent theories, one of which the court accepted, will not be heard to complain that the

court erred in the refusal of the other: 5 CJS 941, Appeal and Error § 1507 (9) ; *Cotton v. Ship-By-Truck Co.*, 337 Mo 270, 85 SW2d 80; *Kosher Dairy Co. v. New York, S. & W. R. Co.*, 86 NJL 161, 91 A 1037; *Chicago House-Wrecking Co. v. Stewart Lumber Co.*, 66 Neb 835, 92 NW 1009. The court, it is true, did not give the "inference" instruction, but it did instruct in accordance with the legal theory of that request.

■ Finally, the plaintiff requested the court to charge that "a bottle which is so defective that it will break under normal handling is not fit for the ordinary use for which it was intended, and the delivery of such a defective bottle constitutes a breach of the implied warranty of merchantability." "Delivery" of a defective bottle as a breach of warranty was not an issue in this case. Moreover, the record shows that counsel stated in taking his exceptions that this requested instruction "was covered in one of the other instructions." Counsel's statement accords with the record. We need not cite authorities for the proposition that the court is not required to give a requested instruction if its substance, albeit in the court's own language, is included in the charge or if the request is not free from fault.

The central issue of fact in this case was whether the bottle exploded or broke because of the manner in which it was handled by the plaintiff. The instructions as a whole fairly and fully submitted the case to the jury and the plaintiff took no exceptions to any of them.

The judgment is affirmed.