Argued September 22, affirmed November 5, 1971

STATE OF OREGON, *Respondent, v.*
WILLIAM GERALD STARK, *Appellant.*
490 P2d 511

*Laird Kirkpatrick,* Eugene, argued the cause for appellant. With him on the briefs were Leslie M. Swanson, Jr. and Johnson, Johnson & Harrang, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

The defendant was convicted by a jury of unarmed robbery, ORS 163.290. He assigns as error improper use of a leading question, confusing jury instructions and conviction by less than unanimous verdict.

The defendant, 18 at the time of the offense, and Ronald Hansen, also indicted with him, attended a party where they consumed some alcoholic beverages with several others on the night of the robbery. The defendant, Hansen and his brother and several others, including two females, left the party and began to drive to Eugene where one of the girls lived. En route, defendant and others in the auto noticed two persons hitchhiking to Eugene. Defendant Stark admitted that he and several other occupants of the car started a fight with Senn and Waters, the hitchhikers, and that, in fact, he (Stark) had struck or kicked them both. During the assault Ronald Hansen demanded Senn's wallet and at some point Senn surrendered it.

█ The first assignment of error claims that the answer elicited by the following leading question was extremely damaging and should not have been allowed by the trial court.

"Q All right, before he did that, was anything being said to you by anybody in the group?

"A Just that one boy yelling give me your wallet.

"Q Now, was that being said when the defendant was there a foot or so away from you?

"MR. SWANSON: Objection, that's a leading question, your Honor.

"THE COURT: You may answer.

"A As I remember it, yes."

The defendant asserts that the response to this question was the only testimony implicating him in the robbery by establishing that he was standing very close to Hansen and Senn when a demand for the wallet was made. The record discloses, however, that prior to this Senn had testified to Stark's being in close proximity:

"Q About how far away from you was the defendant?

"A About a foot-and-a-half, two feet.

"Q You could have reached out and touched him?

"A Yes.

"Q And about how far away from you was the individual with the blonde hair and the broken nose?

"A He was right next to me.

"Q How far would you say?

"A Within a foot.

"Q How far away was he from the defendant?

"A Four feet, I'd say."

■ Furthermore, there is other testimony that continual demands for the wallet were being made in a shouting voice and in Stark's presence. Permitting leading questions on direct is within the discretion of the trial court, ORS 45.560; *State v. Joseph*, 230 Or 585, 371 P2d 689 (1962); *Tucker v. State Ind. Acc.*

*Com.,* 216 Or 74, 337 P2d 979 (1959), and there was no abuse here.

The second and third assignments of error involve the instructions which were given to the jury. The second assignment alleges that it was reversible error for the trial court to instruct the jury that:

"* * * [E]ach confederate is liable for every act of his accomplice in the execution of a common purpose in violation of law."

As stated in his brief, the defendant excepts to this because:

"* * * [A] jury could easily understand this instruction, which the court repeated two times, to mean that under the law the defendant was guilty of unarmed robbery merely because it was committed by Hansen at a time when defendant and Hansen were carrying out the common criminal purpose of assaulting and battering Senn and Waters."

■ It is basic that jury instructions must be considered as a whole. *Kinney v. General Construction Co.,* 248 Or 500, 435 P2d 297 (1969). This means that if an instruction is confusing or misleading and a specific objection is made as to its sufficiency, the reviewing court must weigh the impact of the instructions in their entirety rather than piecemeal. *Parmentier v. Ransom,* 179 Or 17, 169 P2d 883 (1946); *Klebaum v. Mitchell,* 246 Or 196, 424 P2d 219 (1967); *Smith v. Fields Chevrolet,* 239 Or 233, 396 P2d 200 (1964); *Simmons v. Holm,* 229 Or 373, 367 P2d 368 (1961).

■ A full examination of the instructions convinces us that the question of separate intents was fairly set out for the jury. Separate instructions were given as

to the assault and battery and as to the requirements of being an accomplice to unarmed robbery. The jury was instructed that the defendant had to have the intent to commit the robbery to be found guilty of the unarmed robbery:

> "* * * [I]f you should find that there was a common criminal purpose between the defendant, William Gerald Stark, and Ronald Ray Hansen, in the carrying out of the alleged crime, as stated in the indictment, of robbery while not armed with a dangerous weapon * * * then both would be equally guilty * * *."

The third assignment of error stems from the trial court's refusal to give Uniform Jury Instruction No. 225.01[①] which involves the parties to a crime. The instruction which the court did give was:

> "* * * It is sufficient if the defendant, William Gerald Stark * * * was present when the robbery was committed, and acquiesced therein, with a common criminal intent or purpose."

The central objection to this instruction is the omission of the word "knowingly" in reference to the defendant's alleged criminal purpose in the co-commission of the crime. In other words, defendant contends that to find him guilty of the unarmed robbery the jury should have been instructed that he (Stark) had to *knowingly* aid and abet Ronald Hansen. The defendant claims that this apparent omission in the instructions in conjunction with the use of the word

---

[①] Oregon State Bar, Uniform Jury Instruction No. 225.01:

"* * * * *

"The term 'to aid and abet' another in the commission of a crime means to advise, procure or encourage the commission of a crime, knowingly and with criminal intent, before or during its actual commission. A person may aid and abet another by act or advice, or both.

"* * * * *."

"acquiesced" is not sufficient to constitute aiding and abetting.

■ It is not necessary for the trial court to give requested instructions. All that is required is an adequate instruction by the trial court which fairly covers the requested subject. *State v. Smallwood*, 5 Or App 245, 481 P2d 378, Sup Ct *review denied* (1971); *State v. Leppanen*, 253 Or 51, 453 P2d 172 (1969); *Ballou v. Blitz-Weinhard*, 246 Or 179, 424 P2d 225 (1967). This is true where, as here, the content of the instruction given was substantially the same as requested. *State v. Capitan*, 2 Or App 338, 468 P2d 533 (1970); *State v. Robinson*, 235 Or 524, 385 P2d 754 (1963).

■ This instruction complained of contained the words, "common criminal intent or purpose." This adequately covers the requisite mental element. Defendant's argument would disregard this language on the basis that the common criminal intent or purpose may have been construed by the jury as applicable to the assault. While such a construction is conceivable, it is unlikely. The circuit judge could have avoided the potential problem by using the requested uniform instruction. Here, that he did not was not error.

■■ The defendant also contends that acquiescence alone as used in the same part of the instructions is not sufficient to constitute aiding and abetting. We agree. However, the instructions did not say that acquiescence alone was sufficient to make Stark an accomplice. Rather, the court instructed the jury that:

> "If you should find that the defendant, Mr. Stark, was present at the commission of the robbery, rendering it countenance and encouragement, and ready to assist Mr. Hansen, should the necessity arise * * *.";

and also

"* * * and if both united or cooperated in any way to aid or carry out the crime * * *."

Both of these segments tell the jury that the defendant would have had to do more than acquiesce in the unarmed robbery. In *State v. Fichter,* 226 Or 526, 532, 360 P2d 278 (1961), and *State v. Cantrell,* 1 Or App 454, 455, 463 P2d 593 (1970), there is noted a quotation from Rapalje, Larceny and Kindred Offenses 10, § 11 (1892), which states:

"The general rule is that the least degree of concert or collusion between the parties to an illegal transaction makes the act of one of them the act of all. * * *"

The instructions given to the jury at the least met this standard.

The final assignment of error as to less than unanimous verdict was determined in *State v. Gann,* 254 Or 549, 463 P2d 570 (1969), contrary to the defendant.

Affirmed.