Argued February 22, affirmed March 23, petition for rehearing
denied April 11, petition for review denied
June 13, 1972

## STATE OF OREGON, *Respondent, v.* CHARLES JUNIOR EMERY (No. C-53295), *Appellant.*

495 P2d 308

*Allen L. Fallgren,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

This case was before us previously and we reversed defendant's conviction of rape for an error of law.[1] We remanded for a new trial and on retrial defendant was convicted by jury on August 13, 1971, of the lesser included offense of attempted rape. He appeals, making two assignments of error.

The first assignment asserts error by the court in allowing leading questions to be asked of the 15-year-old victim of the crime. It is ordinarily within the discretion of the court to permit leading questions on direct examination. ORS 45.560; *State v. Stark,* 7 Or App 145, 490 P2d 511 (1971). Bearing in mind the age of the witness, the intimate nature of the offense and the three-year interval between the offense and the present trial, we find no abuse of discretion here.

The other assignment of error is the denial of defendant's motion for judgment of acquittal made at the conclusion of the state's case on the basis of insufficient evidence.[2] We have reviewed the record

---

[1] State v. Emery, 4 Or App 527, 480 P2d 445 (1971).

[2] ORS 136.605:

"In any criminal action the defendant may, before the presentation of evidence in his defense, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall

and agree with the trial court's ruling that there was ample evidence to submit the case to jury.

Affirmed.

---

be a bar to another prosecution for the same crime. If the court denies the motion, the defendant may thereafter present evidence in his defense."