Argued January 29, reversed and remanded March 26, 1973

## STATE OF OREGON, *Respondent, v.*
## JERRY D. GAYLOR (No. 37733),
### *Appellant.*
508 P2d 250

*James H. Spence,* Roseburg, argued the cause and filed the brief for appellant.

*Brian Barnes,* Deputy District Attorney, Roseburg, argued the cause for respondent. On the brief were Doyle L. Schiffman, District Attorney, and Stephen H. Miller, Deputy District Attorney, Roseburg.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was indicted for the crime of negligent homicide (ORS 163.091) and convicted following a jury trial. He raises a number of assignments of error on appeal, but we find his first assignment dispositive of the case.

A brief statement of facts is helpful in formulating the issue involved. On the night of December 24, 1971, defendant's automobile collided head-on with another vehicle. One of the occupants of the other vehicle was killed instantly and the other died within a matter of hours. There were no witnesses who could testify as to where on the road the crash occurred. The state's theory was that the defendant was driving while under the influence of liquor, that he negli-

gently drove his vehicle across the center line into the oncoming lane, and that the crash occurred in the oncoming lane. There was substantial evidence that defendant was intoxicated, including evidence that he had a .24 per cent blood alcohol content. In addition, there was some evidence from which the jury might have concluded that the crash took place in the oncoming lane, and that defendant must therefore have crossed over the center line.

The indictment against defendant charged that he was grossly negligent in four respects: (1) in that he drove while intoxicated; (2) in that he drove on the wrong side of the road; (3) in failing to keep a proper lookout; and (4) in failing to exercise reasonable control of his vehicle. It further charged that such negligence was the proximate cause of the death in question.

After the evidence was in the trial court instructed the jury as to the elements of negligent homicide. The jury was told that a material allegation was

"* * * that the defendant did drive a motor vehicle in a grossly negligent manner in one or more of the particulars specified in the indictment * * *"

Subsequently the jury was instructed that:

"You only have to be satisfied that the defendant was grossly negligent in one or more of the particulars alleged in the indictment."

Thereafter the jury was instructed:

"* * * Should you find that the defendant was driving an automobile while under the influence of intoxicating liquor, such finding would tend to corroborate evidence that the defendant was grossly negligent, but such finding, without other evidence that the defendant was driving in a

grossly negligent manner, would not be sufficient to support a verdict of guilty. However, proof that the defendant was driving while under the influence of intoxicating liquor, coupled with any act of simple negligence causing death, would be gross negligence."①

The last-quoted instruction is a correct statement of Oregon law. *State v. Montieth*, 247 Or 43, 417 P2d 1012 (1966), *Dismissed, Cert denied* 386 US 780 (1967). However, the other two are incorrect, insofar as the jury could have concluded from them that a finding that defendant was driving while intoxicated was, by itself, sufficient to sustain a verdict of guilty. Thus, there was an ambiguity inherent in the instructions.

After several hours of deliberation the jury submitted the following question to the trial judge:

"Does the defendant have to be guilty of all four points listed in the negligent homicide to give a guilty verdict."

The judge sent the following answer to the jury:

"No, the defendant does not have to be guilty of all the specifications.

"He can be found guilty of negligent homicide if you find he is guilty of one or more of the specifications amounting to gross negligence, as I have defined that term for you.

"* * * * *"

This last answer was also erroneous for the reasons stated previously.

Shortly thereafter the jury returned a verdict of guilty. At that time, pursuant to the request of one

---

① Implicit in this instruction is, of course, the requirement that the act of simple negligence must be one alleged in the indictment.

of the attorneys, the trial judge submitted to the jury the following special interrogatory:

"On which specification or specifications of negligence did you render your guilty verdict?"

The jury's answer was that 10 jurors had agreed on specification one (that defendant drove while intoxicated), and that they had not voted on the other three specifications. Thus it is apparent that the jury had been misled by the court's instructions and believed that a finding that defendant had driven while intoxicated was sufficient, by itself, to support a guilty verdict. The court instructed the jury to again retire and to vote on all four specifications. The result of this last vote was that the jury found defendant was grossly negligent as to specifications one, three (lookout), and four (control), and that he was not grossly negligent as to specification two (driving on the wrong side of the road).

Defendant contends that the jury's answers to the special interrogatory are fatally inconsistent with its general verdict, and that the general verdict of guilty cannot stand. We agree that the general verdict cannot stand, but for a different reason.

The evidence presented by the state tended to establish two ultimate facts: first, that defendant was intoxicated, and, second, that the crash occurred in the oncoming lane, and that therefore defendant had crossed the center line. There is no evidence in the record tending to show that defendant was negligent as to lookout or control in any respect other than crossing the center line. In other words, there is no way that the jury could have reasonably found from the evidence in this record that defendant did not drive on the wrong side of the road and yet that he

was guilty of causative negligence as to lookout and control.

■ The following types of verdicts are explicitly authorized by statute in civil cases: (1) general verdicts, (2) special verdicts (a special verdict requires findings on all facts essential for judgment) and (3) general verdicts with special findings (requires a special finding on one or some facts at issue, but not all). ORS 17.405, 17.415, 17.420. In criminal cases only (1) general verdicts and (2) special verdicts are authorized by statute. ORS 136.610, 136.630. The trial court in the present case requested a general verdict with special findings, not a special verdict. This is the verdict which is apparently not authorized in criminal cases.[2]

In the present case, the trial judge did not ask for special findings until *after* the jury returned a general verdict. The trial judge has broad discretion concerning receiving the jury's verdict, requiring them to reconsider, to supply what is wanting, or alter it in substance. 5 Wharton, Criminal Law and Procedure 339-40, § 2148 (Anderson 1957). We need not decide in this case whether the legislature ever intended that the trial judge be enabled to take action *after* a general verdict in a criminal case that he could not do when initially submitting the case to the jury.

The defendant did not ask that the jury be in-

---

[2] This determination is difficult to square with Commissioner King's opinion in State v. Stephanus, 53 Or 135, 99 P 428 (1909), in which the trial court did initially submit the case to the jury for a general verdict with special findings. The Supreme Court obviously presumed but did not expressly hold that this was proper. Apparently neither party argued that it was improper. It is doubtful if *Stephanus* intended to change the effect of the statutes which do not authorize general verdicts with special findings in criminal cases.

structed that there was no evidence of failure to keep a proper lookout or proper control. His argument in his brief is that he could not properly do so because the jury could have found that defendant crossed the center line and that this was evidence of improper lookout and improper control. If this is so, then the special findings are internally inconsistent; that is, there is an internal inconsistency between saying the defendant did not cross the center line but did fail to maintain proper lookout and control. If lookout and control are separate from crossing the center line, then defendant failed to preserve the error by failing to request an instruction that there was no evidence of improper lookout and control unless it was linked to crossing the center line.

■ Inconsistent special findings are void. *Abraham v. Mack et al,* 130 Or 32, 273 P 711, 278 P 972 (1929); *Whelpley v. Frye, Adm'x,* 199 Or 530, 263 P2d 295 (1953). As stated in *Abraham v. Mack et al,* supra, the rule is:

"* * * [I]f, as contended by defendant Mack, two of the special findings are inconsistent and in conflict with the general verdict, then these special findings are inconsistent with the other special findings made by the jury. If this be true, the answers to the special interrogatories, being conflicting, neutralize each other and must be disregarded, and this would leave the general verdict standing * * *." 130 Or at 43.

■ Applying the principles of *Abraham v. Mack et al,* supra, to the case at bar, the special findings being internally inconsistent, neutralize each other and the general verdict would control, i.e., the general verdict of guilty. However, in the present case the general verdict cannot stand because we hold that the erro-

neous gross negligence instructions, discussed supra, which twice told the jury that a finding that defendant was driving while intoxicated was, by itself, sufficient to sustain a verdict of guilty, constituted reversible error.

Since this case must be remanded for a new trial, it is necessary to address ourselves to defendant's remaining assignments of error.

 Assignment No. 3 is to the effect that the court erroneously instructed that known sleepiness could result in reckless conduct. The defendant concedes that the instruction with reference to a sleepy condition as it related to intoxication was proper. He contends that the instruction complained of, not related to intoxication and not related to any specification of negligence, was erroneous. We agree. While an abstract instruction which states the law will not ordinarily be the basis for reversal unless it appears to the appellate court that it did or may have misled the jury, *State v. Townsend*, 237 Or 527, 392 P2d 459 (1964), submitting theories of guilt not included in the indictment is erroneous. *State v. Hamilton*, 80 Or 562, 568, 157 P 796 (1916).

█ In assignment No. 4, defendant objected to testimony of the victims' mother concerning her effort to see her dying son in the hospital. Defendant contended the only relevance was to establish the death of the victim and that had already been established by medical evidence and its effect was to inflame or incite the jurors, through sympathy for the witness, against the defendant.

"* * * When highly prejudicial evidence is offered, its relevancy, i.e., its tendency to prove an issue in dispute, must be weighed against the

tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value. * * *" *State v. Flett*, 234 Or 124, 127, 380 P2d 634 (1963).

Not only was the evidence cumulative, we think it was prejudicial and although relevant, its relevance was outweighed by its prejudicial effect.

We have examined defendant's other assignments of error and find them to be without merit and not to warrant discussion.

Reversed and remanded.