Argued August 21, affirmed October 7, 1974

# STATE OF OREGON, *Respondent, v.* JERRY D. GAYLOR (No. 37733), *Appellant.*

527 P2d 4

*Randolph Slocum,* Roseburg, argued the cause and filed the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

FORT, J.

Defendant was convicted by a jury on two counts of negligent homicide, charged in a single indictment. He appeals, asserting a number of errors.

We note initially that this matter has previously been before us. *State v. Gaylor,* 12 Or App 544, 508 P2d 250 (1973). There we reversed a previous conviction because of error in the instructions. In that case, defendant was tried on a single-count indictment charging the death of but one person.

Following the remand, the trial court here allowed the resubmission of the original indictment to a different grand jury. A new indictment was returned by that grand jury. It contained an additional count charging the killing of a second person in the same accident and also made certain changes in its allegations.

In *State v. Gaylor,* supra, we summarized the evidence of this tragic case. The evidence in this trial established substantially identical facts, and we can see no reason to repeat them here.

Defendant charges error in the resubmission of the case to the grand jury following our reversal and remand, including the changes in the allegations of negligence and in the addition of the second count charging him with the death of a second person. He contends, inter alia, that these alterations violate the double jeopardy clauses of both U. S. Const. Amend. V and Oregon Constitution, Art I, § 12.

Following our remand on April 20, 1973, the trial court ordered the case resubmitted to the grand jury.

On June 5, 1973, the grand jury handed down the present indictment, which was the basis for the second

trial. It differed from the indictment of January 20, 1972, substantively in two respects: (a) an additional count was added charging the death of Jill Shelquist, and (b) additional language was added to the specification charging that defendant drove his vehicle while under the influence of intoxicating liquor by the following phrase — "and while he was in a sleepy and exhausted condition."

■ We first consider defendant's contention that the indictment violates ORS 132.560 by charging more than one crime. That section reads, in applicable part, as follows:

> "The indictment must charge but one crime, and in one form only, except that:
>
> "* * * * *
>
> "(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts * * *."

Defendant is correct in his assertion that the acts charged in counts one and two of the indictment constitute, respectively, separate crimes. *State v. Gratz,* 254 Or 474, 477, 461 P2d 829 (1969).

In *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973), we held that the murders of three members of a family at their home each constituted a separate offense.

Notwithstanding the fact that the indictment charged two crimes, we find no violation of ORS 132.560 inasmuch as these alleged offenses were unquestionably a part of the same transaction. *State v. Sanchez,* 14 Or App 234, 239, 511 P2d 1231, Sup Ct *review denied* (1973).

■ Defendant next contends that ORS 138.270 precludes the trial court from ordering the resubmission of a remanded case to the grand jury for the purpose of making substantive changes in the indictment.

ORS 138.270 states:

"(1) Upon the receipt of the certified copy of the entry of judgment mentioned in ORS 138.260, the clerk shall enter the same in the journal of the court below and thereafter the judgment shall be enforced without any further proceedings, unless the appellate court so directs, as a judgment of the court below.

"(2) If by the judgment of the appellate court a new trial is ordered from the entry of the judgment in the court below, the action is to be deemed pending and for trial in such court, according to the directions of the appellate court."

ORS 138.290 states:

"After the certified copy of the judgment has been remitted, as provided in ORS 138.260, the appellate court has no further jurisdiction of the appeal or of the proceedings thereon; and all orders which may be necessary to carry the judgment into effect shall be made by the court to which the certified copy is remitted."

These sections place neither express nor implied limitations on the power of the trial court here to order a resubmission of the indictment to a grand jury.

■ Defendant next asserts that the resubmission of an indictment to the grand jury, after reversal and remand resulting in additional charges on new allegations of fact, is violative of his rights under the Fifth Amendment to the United States Constitution and under Oregon Constitution, Art I, § 12. We disagree.

We find *North Carolina v. Pearce*, 395 US 711, 89

S Ct 2072, 2089, 23 L Ed 2d 656 (1969), and *Chaffin v. Stynchcombe,* 412 US 17, 93 S Ct 1977, 36 L Ed 2d 714 (1973), to be dispositive of defendant's claim under the federal constitution.

The issue in *Pearce* was whether, where there had been a prior conviction followed by a reversal and retrial, a more severe sentence could be imposed on reconviction than had been handed down in the original proceeding. Defendant asserted that there could not be, citing the double jeopardy clause of the Fifth Amendment. The court, in *Pearce,* declared:

> "Long-established constitutional doctrine makes clear that, beyond the requirement already discussed, the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction, At least since 1896, when *United States v. Ball,* 163 U.S. 662, was decided, it has been settled that this constitutional guarantee imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside. * * *
>
> "* * * [T]he original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean. * * *" (Emphasis in original.) 395 US at 719-21.

In the recent case of *Chaffin v. Stynchcombe,* supra, 412 US at 23, 24, the court reiterated the *Pearce* double jeopardy doctrine, quoting verbatim salient portions of the above excerpts.

■ We turn now to defendant's claim that his reindictment violated the double jeopardy provision of our Oregon Constitution.

In *State v. Jones,* 240 Or 546, 402 P2d 738 (1965), our Supreme Court observed:

> "* * * [I]t is settled in this state that if jeop-

ardy is properly annulled for any reason, including the reasons set forth in ORS 135.890, the proceedings stand upon the same footing as if the defendant had never been placed in jeopardy. *City of Portland v. Stevens,* 180 Or 514, 178 P2d 175 (1947)." 240 Or at 548.

Former ORS 135.890 has since been repealed and reincorporated in our statutes as ORS 131.525,[1] which reads, in part, as follows:

"A previous prosecution is not a bar to a subsequent prosecution when the previous prosecution was properly terminated under any of the following circumstances:

"(1) The defendant consents to the termination or waives, by motion, by an appeal upon judgment of conviction, or otherwise, his right to object to termination.
"* * * * *"

*See also:* 22 CJS 696-707, Criminal Law §§ 271-73.

In *People v. Brady,* 31 Misc 2d 139, 220 NYS2d 221 (Queens County Ct 1961), defendant was originally indicted on two counts of falsely making, altering, forging, and counterfeiting medical prescriptions. There was a conviction, followed by a reversal and remand for a new trial. Then the grand jury returned a superseding indictment containing the two counts charged in the first indictment, and two additional counts of uttering a forged instrument. The court said:

"Section 544 of the [New York] Code of Criminal Procedure states:
"* * * * *

---

[1] Proposed Oregon Criminal Procedure Code 23, Commentary, Art 1, § 29 (1972), states:
"* * * * *

"*State v. Jones,* 240 Or 546, 402 P2d 738 (1965), upholds ORS 135.890 as being a proper basis for annulment of jeop-

"'When a new trial is ordered, it shall proceed in all respects as if no trial had been had.'

"* * * * *

"'So thoroughly does a reversal operate to vitiate the former proceedings that the defendant may be tried upon a superseding indictment which contains a count not included in the first indictment (People v. Cocco, 3 N.Y. 2d 716, 163 N.Y.S. 2d 961 [143 N.E. 2d 511]) * * *.' (Emphasis supplied.)" 220 NYS2d at 223-24.

Cf. State v. Kaser, 15 Or App 411, 515 P2d 1330 (1973). See also: State v. Unsworth, 240 Or 453, 461, 402 P2d 507 (1965), cert denied 382 US 1014, 86 S Ct 626, 15 L Ed 2d 529 (1966).

We hold that the reversal and remand for a new trial of defendant's first negligent homicide conviction vitiated the jeopardy incident thereto, and that his reindictment did not offend the double jeopardy protections of Oregon Constitution, Art I, § 12.

■ In our prior opinion in *Gaylor,* we had occasion to call attention to the improper receipt of prejudicial, though relevant, testimony, which was cumulative in nature, from one of the parents of the persons killed in the accident. There we pointed to the rule announced in *State v. Flett,* 234 Or 124, 380 P2d 634 (1963), where the court said:

"We believe the controlling rule is found in our own recent case of *State v. Kristich,* 226 Or 240, 359 P2d 1106 (1961). When highly prejudicial evidence is offered, its relevancy, i.e., its tendency to prove

ardy. See also *Portland v. Stevens,* 180 Or 514, 178 P2d 175 (1947).

"This section clarifies ORS 135.890, and conforms its language to the entire draft. It enlarges upon the apparent scope of the existing statute in that it covers informations and complaints, as well as indictments."

an issue in dispute, must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value. The rule has been followed in later cases which have made it clear that the matter is largely within the sound discretion of the trial court. * * *" 234 Or at 127.

Here defendant assigns as error the failure of the trial court to grant his motion for a mistrial made following the testimony of the parents of the two persons, brother and sister, killed in the accident which occurred on Christmas Eve.

Careful examination of the transcript here, contrary to defendant's contention, does not reveal testimony similar to that in the prior trial. During the testimony of each of the parents, the court sustained several objections made by the defendant. No motion for a mistrial was made until both Mr. and Mrs. Shelquist had completed their entire testimony and left the stand. Essentially, defendant now contends that certain comments made were objectionable as "editorializing" by the witness. As to some of the testimony of which he complains, defendant made no timely objections. No instruction to disregard was requested by defendant following the sustaining of any of his objections, nor was there any motion to strike the offending matter.

The court, in ruling on the motion in the absence of the jury, said:

"Motion is denied; for testimonial completeness, the evidence was certainly relevant, but the editorializing was—upon appropriate objection—was sustained and there was not a motion to strike the specific reference to the naming of the school, but I have failed to see how — how that would be grounds for a mistrial, in any event. It's conceded

that these two youngsters were killed, and this is unpleasant, and you can't make it any less unpleasant, and I don't feel that there was an injection of unpleasantness for any illicit purpose in this case, and I think that the two witnesses, the two parents, are to be commended for their self-control on the stand.

"'* * * * *

"I do feel that the matter was kept well within legitimate bounds, and I assure counsel that the Court would have acted on its own motion had it gone beyond that."

In *State v. James Edward Smith,* 4 Or App 261, 478 P2d 417 (1970), we said:

"The general rule is that a motion for mistrial is addressed to the sound discretion of the trial court and its exercise will not be upset except for a clear abuse. [Citations omitted.]" 4 Or App at 263-64.

*See also: State v. Ketchum,* 16 Or App 322, 518 P2d 660, Sup Ct *review denied* (1974).

We are satisfied that there was no abuse of discretion by the trial judge in denying the motion for mistrial.

■ At the trial, a police officer testified that he smelled liquor on defendant's breath at the hospital. As his last assignment of error, defendant alleges that the court erred in failing to instruct the jury that such evidence was insufficient to prove that defendant was intoxicated.

Instead, the court gave the following instruction:

"* * * Oregon law provides that it is not unlawful for a person to drive a motor vehicle after having drunk intoxicating liquor. It is unlawful for that person to drive if he is under the influence of the intoxicating liquor that he drank. A person is

under the influence of intoxicating liquor when he has consumed enough intoxicating liquor that his mental or physical faculties are affected to some perceptible degree."

This was an accurate statement of controlling Oregon case law, as set forth in *State v. Noble,* 119 Or 674, 250 P 833 (1926), and *State v. Robinson,* 235 Or 524, 385 P2d 754 (1963).

In *State v. Stark,* 7 Or App 145, 490 P2d 511 (1971), we said:

"It is not necessary for the trial court to give requested instructions. All that is required is an adequate instruction by the trial court which fairly covers the requested subject. *State v. Smallwood,* 5 Or App 245, 481 P2d 378, Sup Ct *review denied* (1971); *State v. Leppanen,* 253 Or 51, 453 P2d 172 (1969); *Ballou v. Blitz-Weinhard,* 246 Or 179, 424 P2d 225 (1967). * * *" 7 Or App at 151.

Furthermore, given the overwhelming evidence of defendant's intoxication, we find no conceivable prejudice in any event.

We find no merit in defendant's remaining assignments of error.

Affirmed.