STEVENSON, J.
 

 This is an appeal by the State of an order dismissing a felony DUI charge against defendant James Davis. The dismissal was entered as a sanction for the State’s loss of the video recording of Davis’s performance of roadside sobriety tests. Finding that dismissal was too harsh under the circumstances present here, we reverse and remand for further proceedings.
 

 The defendant was stopped at a DUI checkpoint in Pembroke Pines. The probable cause affidavit reflects that Officer Charles Herring of the Pembroke Pines Police Department observed the following: the smell of alcohol on the defendant’s breath; the defendant’s eyes were bloodshot and his face flushed; the defendant’s speech was slurred and his movements slow and deliberate; and the defendant had difficulty retrieving his wallet. The probable cause affidavit also indicates that the defendant admitted to consuming two beers and that he was taking oxycodone. As a result, Officer Herring asked the defendant to perform roadside sobriety tests. These roadside sobriety tests were recorded by the digital video camera in the officer’s car. The defendant refused to submit to a breathalyzer.
 

 When the State failed to provide the defense with a copy of the video recording of the roadside sobriety tests, the defendant filed a motion to compel its production, which was granted. When the State still failed to provide the defense with a copy of the video, the defendant filed a motion seeking dismissal of the felony DUI. At a subsequent evidentiary hearing on the motion, the officer testified that the defendant’s roadside sobriety test had accurately been recorded to the system’s hard drive, but that for reasons he could not explain, the recording was lost during the transfer of the recording from the hard drive to a DVD. The officer insisted that he had viewed the recording during his attempt to transfer it to the DVD, it was consistent with his testimony and it demonstrated that the defendant was im
 
 *1132
 
 paired. The defendant took the position that the recording would have impeached the officer’s testimony that he was impaired and would have been helpful to the defendant. With this evidence before it, the trial court concluded that, while there was no bad faith on the part of the police surrounding the loss of the recording, due process concerns required the dismissal of the felony DUI charge as the defendant was prejudiced by the loss of the evidence “since there exists no comparable evidence.”
 

 Where lost or unpreserved evidence is “material exculpatory evidence,” the loss of such evidence is a violation of the defendant’s due process rights and the good or bad faith of the State is irrelevant.
 
 State v. Muro,
 
 909 So.2d 448, 452 (Fla. 4th DCA 2005);
 
 see also Kelley v. State,
 
 486 So.2d 578, 581 (Fla.1986) (“ ‘[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.’ ” (quoting
 
 Brady v. Maryland,
 
 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963))). Lost or unpreserved evidence is “material” in this sense “if the omitted evidence creates a reasonable doubt that did not otherwise exist.”
 
 State v. Sobel,
 
 363 So.2d 324, 327 (Fla.1978) (citing
 
 United States v. Agurs,
 
 427 U.S. 97, 109, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)).
 

 In the instant case, we find no error in the trial court’s conclusion that the lost video of the defendant’s roadside sobriety tests was “material” and that the defendant was prejudiced by the tape’s loss. The defendant refused to take a breathalyzer and, consequently, whether he was driving while under the influence must be determined by resort to whether he demonstrated physical signs of impairment. An evaluation of an individual’s impairment is necessarily somewhat subjective and the tape would have provided a jury with the opportunity to assess for itself whether the defendant was impaired. The significance of a tape of a DUI stojo vis-a-vis the testimony of the officer and the defendant was addressed by the Oregon appellate court in
 
 State v. Zinsli,
 
 156 Or.App. 245, 966 P.2d 1200 (1998):
 

 In general, the prosecution of a DUII [driving under the influence of intoxicants] case depends heavily on the opinion of the arresting officer in determining whether a defendant’s “mental or physical faculties were adversely affected ... to a noticeable or perceptible degree.”
 
 State v. Gaylor,
 
 19 Or.App. 154, 163-64, 527 P.2d 4 (1974). Here, in the absence of the videotape, a jury would have only ... [the arresting officer’s] interpretation of defendant’s performance of the FSTs [field sobriety tests], demeanor, appearance and speech patterns, which, as noted, were to some extent not noticeably affected by alcohol. Of course, defendant may, but does not have to, offer his own version of the events to rebut [the arresting officer’s] conclusions and the Intoxilyzer results. However, defendant’s testimony is not an acceptable substitute, because defendant’s testimony carries the risk that the jury will view that testimony as extraordinarily self-serving, whereas that risk is not present in the videotape evidence. Accordingly, the videotape evidence is unique because it would provide defendant with an objective video replay of the events from which a jury could draw its own conclusions.
 

 Id.
 
 at 1205 (emphasis omitted).
 

 This, then, brings us to the sanction imposed — dismissal. The State’s loss of material exculpatory evidence need not always result in dismissal of the criminal charge.
 
 See Lancaster v. State,
 
 457 So.2d
 
 *1133
 
 506 (Fla. 4th DCA 1984) (holding defendant’s due process rights were violated by loss of burned vehicle underlying an arson charge, reversing conviction, and remanding with instructions that defendant be retried, but that, at retrial, State was barred from calling as witnesses the experts who had examined the truck);
 
 State v. Herrera,
 
 365 So.2d 399, 401 (Fla. 3d DCA 1978) (noting that “state’s intentional or negligent suppression of material evidence favorable to the defendant ... constitutes a denial of due process” and “may call for a new trial, the exclusion of certain of the state’s evidence at trial, or the dismissal of the prosecution against the defendant”). And, while it is true that a trial court’s choice of sanction is to be reviewed on appeal for an abuse of discretion, dismissal of a charge is “an extreme sanction that should be used with caution” and should be limited to “cases where no other sanction can remedy the prejudice to the defendant,”
 
 see State, v. Carpenter,
 
 899 So.2d 1176, 1182 (Fla. 3d DCA 2005). That is not the case here and, consequently, we hold that dismissal of the charge was too harsh a sanction.'
 

 In so holding, we are aware of the decision in
 
 State v. Powers, 555
 
 So.2d 888 (Fla. 2d DCA 1990). There, the police had failed to record the defendants’ field sobriety tests. The defendants claimed that the failure to record the sobriety tests required dismissal of the DUI charges as the police should have recorded the sobriety tests and their failure to do so was the product of bad faith, i.e., a belief that recording field sobriety tests did not help in prosecuting DUIs and was, in fact, favorable to the defense. The county court dismissed the charges. The Second District reversed, holding that dismissal was not required as the police had no duty to record the sobriety tests. The court then went further, stating that, had the field sobriety tests been recorded and the recordings not been preserved, it would have affirmed the dismissals as such evidence was “material” and its loss was a violation of the defendants’ due process rights regardless of any bad faith on the part of the State. In so concluding, the court wrote that the defendants had presented evidence indicating that the tapes would have impeached the field sobriety test reports and the testimony of the officers. The nature of this evidence is not, however, apparent from the opinion. The Second District’s statements regarding the propriety of dismissal in the face of unpreserved field sobriety tests are dicta and nothing in the opinion indicates that the court considered whether lesser sanctions would have sufficed.
 

 The State suggests that an appropriate lesser sanction is to simply try the case without informing the jury that the tape existed. We agree with the defendant, however, that this provides the defendant no remedy at all for the loss of the tape. There are, however, other possibilities. One is for the trial court to preclude the State from utilizing the roadside sobriety tests.
 
 See Lancaster,
 
 457 So.2d at 506. Another possibility would be instructing the jury that they may infer that the lost evidence is exculpatory.
 
 See, e.g., State v. Leslie,
 
 147 Ariz. 38, 708 P.2d 719, 728 (1985) (en banc) (stating that defendant is entitled to have the jury instructed that it “may infer that the true fact is against the interest of the state” where the state fails to preserve material evidence that may have exonerated the defendant) (citation omitted);
 
 Deberry v. State,
 
 457 A.2d 744, 754 (Del.1983) (requiring State to stipulate on retrial that if defendant’s clothing, lost by the State, were introduced, it would not contain any evidence incriminating him). Such an instruction would be akin to the
 
 *1134
 
 so-called Valcin
 
 [1]
 
 instruction given in Florida civil cases.
 
 See, e.g., Am. Hospitality Mgmt. Co. of Minn. v. Hettiger,
 
 904 So.2d 547, 551 (Fla. 4th DCA 2005).
 

 Having concluded that dismissal was too harsh a sanction, we reverse the order dismissing the felony DUI charge and remand the case to the trial court with instructions that it consider a sanction short of dismissal to address the loss of the tape. We leave it to the trial court to determine what lesser sanction is appropriate.
 

 Reversed and Remanded.
 

 HAZOURI and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 Pub. Health Trust of Dade County v. Valcin,
 
 507 So.2d 596 (Fla.1987).