Argued January 10, affirmed April 16, 1969

STATE OF OREGON, *Respondent, v.*
STEVEN ERIK LEPPANEN,
*Appellant.*

453 P2d 172

*Donald C. McClain,* Portland, argued the cause for appellant. With him on the brief were Phillips, Coughlin, Buell & Phillips, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Port-

land, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

## O'CONNELL, J.

This is an appeal from a judgment of conviction for the crime of the illegal sale of narcotics. Plaintiff assigns as error the trial court's refusal to suppress certain evidence which plaintiff contends was obtained through an illegal search and seizure.

The evidence sought to be suppressed was a quantity of marijuana which was obtained by a police officer under the following circumstances. David Emmerson, an officer with the Portland Police Department, was assigned the job of investigating the sale of narcotics by students at Portland State College. Emmerson was enrolled at the college, grew a mustache and beard, and wore a sport jacket and slacks. An informer reported to the police department that he believed that narcotics were being sold at defendant's apartment. Emmerson and the informer went to the apartment house and walked into defendant's apartment without invitation. The informer introduced Emmerson to defendant. Defendant asked them if they had come to get some "grass." Emmerson indicated that he wanted some marijuana whereupon defendant obtained it from another room and sold some of it to Emmerson.

Defendant contends that Emmerson unlawfully entered his premises and since the evidence was obtained through an illegal entry the evidence was not admissible.

We are of the opinion that the holding in *Lewis v. United States,* 385 US 206, 211, 87 S Ct 424, 17 L ed2d 312, 316 (1966), rehearing denied 386 US 939, 87 S Ct 951, 17 L ed2d 811, is dispositive of the present case. In that case the Court said:

"* * * [W]hen * * * the home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the street. A government agent, in the same manner as a private person, may accept an invitation to do business and may enter upon the premises for the very purposes contemplated by the occupant."

Although the officer in *Lewis* was expressly invited to enter the premises and Emmerson was not, we do not regard this distinction as significant. There was a tacit invitation to anyone who wished to purchase narcotics from defendant. The important factor is that defendant waived his privilege of privacy by converting his home into a "commercial center" open to those who wished to do business with him. That he so regarded his home is clearly evident from the manner in which he conducted the transaction with Emmerson whom he had never seen before. The evidence was admissible and the motion to suppress was properly denied.

■ Defendant also assigns as error the trial court's failure to give Oregon Uniform Jury Instruction 202.03 which was requested by defendant. The instruction given by the court, although not in the form requested, adequately covered the subject of the requested instruction.

The judgment is affirmed.