Argued April 25, reversed and remanded for new trial June 13, 1978

STATE OF OREGON, *Respondent,*
*v.*
MITCHELL RAY McMULLEN, *Appellant.*
(No. 9952, CA 9614)
579 P2d 879

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Defendant was convicted of assault in the first degree and appeals, contending that the trial court erred in refusing to give his requested instruction on self-defense.

The charges arose out of an altercation between defendant and the victim, in the presence of several of the victim's relatives. Defendant stabbed the victim with a pocketknife. There was conflicting evidence as to what precipitated the stabbing. Defendant testified that the victim was the aggressor. He claimed that before he used his knife, the victim hit him over the head with a chair and was on top of him, on the floor, hitting him in the face. Some of the testimony of other eyewitnesses tended to corroborate this story.

■■ A defendant is entitled to have his theory of the case presented to the jury if it is supported by evidence. *State v. Suggs,* 13 Or App 484, 491, 511 P2d 405 (1973). In this case, there was some evidence tending to show that defendant acted in self-defense. Therefore, he was entitled to a self-defense instruction.

■ Defendant requested a detailed instruction on self-defense which was a generally correct statement of applicable law, including a statement that the state must disprove justification.[1] Accordingly, the trial court could only refuse to give it if it otherwise adequately covered the same subject in other instructions. *State v. Leppanen,* 253 Or 51, 53, 453 P2d 172 (1969); *State v. McWilliams,* 29 Or App 101, 106, 562 P2d 577 *rev den* (1977).

The self-defense instruction which the trial court gave was generally consistent with Uniform Jury Instruction Nos. 403.11 and 403.13. However, the

---

[1]Defendant's requested instruction included the following:

"Where as here the defendant offers evidence of self defense the State must prove beyond a reasonable doubt that the defendant was not justified in defending himself as he did."

court inadvertently neglected to include the second paragraph of Uniform Jury Instruction No. 403.11, which states that the prosecution must disprove the defense of self-defense beyond a reasonable doubt.[2]

■■ We cannot say that the erroneous omission was harmless. The general instruction that the burden was upon the state to prove the defendant guilty beyond a reasonable doubt[3] was not sufficient to explain the allocation of burden with respect to the issue of self-defense. Under ORS 161.055,[4] the state's burden of disproving defenses raised by defendant is distinct from, and in addition to, the state's burden of proving its case-in-chief. A general burden of proof instruction does not adequately explain the distinct burden imposed upon the state by ORS 161.055. Therefore, the court's self-defense instruction was not an adequate substitute for the proper instruction which defendant requested. Accordingly, we hold that, under these circumstances, it was error for the trial court to refuse

---

[2]The record indicates that the trial court and defendant's counsel shared the mistaken belief that the burden of proof instruction had been given. Therefore, defendant did not except to the court's failure to give that part of the instruction. Because defendant was not required to except to the court's refusal to give his requested instruction, this mutual mistake does not vitiate the effect on appeal of the earlier request. *Robbins v. Con. Freightways,* 276 Or 127, 130, 554 P2d 149 (1976).

[3]The trial court instructed the jury that:

"There is no burden of proof on the defendant. The only burden is upon the State and that is to prove the defendant guilty beyond a reasonable doubt."

[4]ORS 161.055 provides:

"(1) When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

"(2) When a defense, declared to be an 'affirmative defense' by chapter 743, Oregon Laws 1971, is raised at a trial, the defendant has the burden of proving the defense by a preponderance of the evidence.

"(3) The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial or affirmative evidence by a defense witness in the defendant's case in chief."

[ 752 ]

defendant's requested instruction. *See, State v. McWilliams, supra.* Moreover, in view of the conflicting evidence on the self-defense issue and tl*e* possibility that the jury would have evaluated that evidence differently had they been properly instructed, we hold that the error was prejudicial. *See, State v. Van Hooser,* 266 Or 19, 25-6, 511 P2d 349 (1973).

Reversed and remanded for new trial.