Argued and submitted September 7, reversed and remanded November 21, 1984

CHAN,
*Respondent,*

*v.*

FRED MEYER, INC. et al,
*Appellants.*

(A8210-06386; CA A30767)

691 P2d 150

Charles F. Adams, Portland, argued the cause for appellants. With him on the brief was Stoel, Rives, Boley, Fraser & Wyse, Portland.

Hap Wong, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendants appeal from a judgment awarding plaintiff $8,901.70 for damages arising out of a collision between plaintiff's car and a truck owned by defendant Fred Meyer, Inc., and driven by Bussey, its employe. Defendants conceded fault for the accident but disputed the causal connection between the accident and plaintiff's alleged damages. We reverse and remand for a new trial.

Plaintiff did not seek medical attention at the time of the accident and spent the first few weeks afterwards resting. Subsequently, he began to experience back and neck pain and other symptoms and went to see a doctor, who concluded that plaintiff had suffered a mild, moderate degree of cervical sprain and a possible mild contusion of the left temple. Approximately three weeks after the accident plaintiff, who had quit a job as a cook just before the accident, started a job at a restaurant in Seattle. He quit that job after 22 days, complaining of hearing problems and back and neck pain. About two weeks later he went to work at a restaurant in Astoria, where he worked for approximately six months until he was fired for arguing and fighting with a fellow cook. He testified that he had become irritable and was suffering from a variety of symptoms that affected his ability to perform his job. He was out of work for about seven months and then went to work for five months at another restaurant. He quit that job to return to work at the restaurant from which he had earlier been fired. He testified that he had returned to that restaurant to restore his reputation.

Seven months after the accident, plaintiff visited a neurologist. The doctor diagnosed his symptoms of headaches, memory and concentration problems, dizziness and irritability as symptoms typical of a concussion. He testified at trial that the concussion was caused by the accident.

Plaintiff prayed for $491.50 in medical expenses, $8,873.00 in lost earnings and $50,000 general damages. The jury returned a general verdict for plaintiff in the amount of $8,901.70.

Defendants argue that the court erred in failing to give this requested instruction:

"Defendants have admitted liability for the accident.

However, defendants have expressly denied that the plaintiff's claimed damages were caused by the accident. Plaintiff has the burden of proving that there is a causal connection between the accident and his claimed damages."

The court gave this instruction:

"I remind you, of course, that the burden is upon the plaintiff to prove his case by a preponderance of the evidence. In this case the defendant has admitted liability, and, therefore, the issue you have to decide, the only issue you have to decide is the issue of the amount of damages.

"The mere fact that I am instructing you with regard to damages is not a suggestion you should or should not award damages."

■        A trial court is obligated to give jury instructions on all issues arising from the evidence and to present the defendant's theory of the case, if that theory is supported by evidence, *State v. Jennings,* 131 Or 455, 282 P 560 (1929); *State v. McWilliams,* 29 Or App 101, 106, 562 P2d 577, *rev den* 279 Or 1 (1977), but is not required to give requested instructions if those given adequately cover the same subject. *State v. Leppanen,* 253 Or 51, 453 P2d 172 (1969); *Stovall v. Perius,* 61 Or App 650, 658, 659 P2d 393, *rev den* 294 Or 792 (1983). The question in this case is whether the instructions that the trial court gave adequately cover the subject proposed in defendants' requested instruction. We conclude that they do not.

■ ■        Defendants' theory at trial was that, although they were negligent in causing the accident, plaintiff's claimed damages were not *caused* by that accident. Defendants were entitled to have the jury instructed on their theory of the case, which was supported by evidence. Their cross-examination of plaintiff's expert witness provided that support. Admitting liability, or fault, for an accident is *not* tantamount to admitting that the victim's subsequent problems are causally connected to that accident. The instructions given by the trial court never mentioned causation; they focused only on the *amount* of damages.

Reversed and remanded.[1]

---

[1] Because of our disposition of this case, we do not reach defendants' remaining assignments of error.